**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---

GUZEL A. LUBINSKI, and
GOLDEN GROUP REAL ESTATE, INC.

      Plaintiffs,

          v.

COMMERCIAL REAL ESTATE
EXCHANGE, INC.,

      Defendant.

Case No. 1:26-cv-01694

---

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Defendant Commercial Real Estate Exchange, Inc. ("CREXI"), by and through its undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings dismissing Count I, Count III, and Count IV of Plaintiffs' Complaint in their entirety, and dismissing Count II in part. In support of this Motion, CREXI states as follows:

1.     This action is a commercial dispute arising out of CREXI's enforcement action against an account Plaintiff Golden Group Real Estate, Inc. maintained for access to CREXI's online commercial real estate platform. CREXI terminated the account's access to premium email campaign features for violations of its terms of service and of anti-spam laws. The Complaint asserts four counts: violation of the Illinois Human Rights Act ("IHRA") (Count I); breach of contract (Count II); breach of the implied covenant of good faith and fair dealing (Count III); and negligence (Count IV).

2.     The pleadings are closed. CREXI filed its Answer, Affirmative Defenses, and Counterclaims, and Plaintiffs filed their Answer to the Counterclaims. This Motion is therefore timely under Rule 12(c) and is made early enough not to delay trial.

3.     CREXI is entitled to judgment on the pleadings on the following grounds, each of which is presented as a matter of law on the face of the pleadings:

a. **Count IV (Negligence)** fails because it is barred by the economic loss rule and is independently preempted by the IHRA, which vests exclusive jurisdiction over civil rights violations in the process the Act prescribes.

b. **Count III (Implied Covenant of Good Faith and Fair Dealing)** fails because it is not a cognizable independent cause of action and merely duplicates the conduct and relief pleaded in Count II.

c. **Count I (IHRA — Public Accommodation)** fails because CREXI's online platform is not a statutory "place of public accommodation," and, as to Golden Group, fails independently because a corporation is not a member of a protected class and Golden Group failed to exhaust administrative remedies.

d. **Count II (Breach of Contract)** fails in part to the extent it is premised on the theory that CREXI terminated the account "for an unlawful reason," because that theory is inextricably linked to, and preempted by, the IHRA claim in Count I and states no freestanding contract claim. CREXI does not seek judgment on Plaintiffs' remaining contract theories.

4.     The legal authorities and full argument supporting this Motion are set forth in the accompanying Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings, filed contemporaneously herewith and incorporated by reference as though fully set forth herein.

Dated: July 13, 2026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Corey J. Triggs
    Corey J. Triggs
    *WI State Bar No. 1105951*
    1243 North 10th Street, Suite 200
    Milwaukee, WI 53205
    Phone: 414-239-6400
    Fax: 414-755-8289
    corey.triggs@ogletree.com

**ATTORNEYS FOR DEFENDANT**

| PROOF OF SERVICE | |
|---|---|
| The undersigned certifies that on July 13, 2026, the foregoing instrument was filed electronically via the Court's CM/ECF system. A copy was also served upon counsel for Plaintiff via email. | |
| ☐ U.S. Mail | ☐ FAX |
| ☐ Hand Delivered | ☒ Electronic Mail |
| ☐ FedEx / Overnight Carrier | ☒ CM/ECF |

McDonald Law Firm, LLC
Shannon D. McDonald
20 N. Clark Street, Suite 3300
Chicago, IL 60602
sdm@themklaw.com

ATTORNEY FOR PLAINTIFFS

/s/ Corey J. Triggs

4